Juncos Central Company, Petitioner and Appellee, *v* Del Toro, Contestant and Appellant.

Appeal from the District Court of San Juan in Proceedings of Deposit.

No. 2549.—Decided April 7, 1922.

Deposit—Jurisdiction.—The original jurisdiction of a proceeding for the deposit of the sum of $60 is in the municipal court and not in the district court.

Id.—Certified Check.—Considering the language of section 1138 of the Civil Code and the case of *Silva* v. *Aboy,* 20 P. R. R. 71, a certified check is not the proper medium for making a deposit in payment of a sum of money.

The facts are stated in the opinion.

*Mr. J. Martínez Dávila* for the appellant.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellee.

Mr. Chief Justice del Toro delivered the opinion of the court.

The defendant having refused to receive from the plaintiff the sum of $60 which the plaintiff owed to him because it had been retained by mistake, the plaintiff deposited it

in the District Court of San Juan, Section 2. The defend-
ant still refused to accept it and the court finally rendered
judgment to the effect that the deposit was properly made.

The defendant appealed and among the errors assigned
alleges that the district court was without jurisdiction be-
cause of the amount involved.

This court has held repeatedly that when the amount in
litigation does not exceed $500 the municipal courts have
jurisdiction, this being our interpretation of section 4 of the
Act reorganizing the judiciary of Porto Rico of 1904, which
prescribes that a municipal judge created thereby "shall
have jurisdiction in all civil matters in his district to the
amount of five hundred dollars, including interest." See
the cases of *González* v. *Pirazzi,* 16 P. R. R. 7; *Lamas &
Méndez* v. *Betancourt,* 16 P. R. R. 265; *Bazán* v. *Stevens &
Co.,* 16 P. R. R. 668, cited by the appellant, and that of
*Lowande* v. *García,* 13 P. R. R. 263, in which the question
was fully considered.

The appellee contends that a case of a deposit is special.
The law does not confer upon a particular court special juris-
diction of cases of deposit, and where the law makes no
distinction this court does not. A deposit is a manner of
tendering payment. If the defendant had been compelled
to sue the plaintiff for the said sum of $60, he would have
had to do so in a municipal court. That being the case, it
is necessary and logical to apply the same rule to the plain-
tiff.

The appellee cites the case of *Martínez* v. *Santiago,* 10
P. R. R. 245, as showing that this court took jurisdiction of
a deposit proceeding on appeal from a district court when
the amount was $300. It is true that the deposit in that case,
which was made after judgment had been rendered, amounted
to that sum, but the amount in litigation exceeded $500.

Furthermore, if we were to consider the merits of the
case, we should have to reverse the judgment appealed from.

The tender of payment was made by an ordinary check which was returned by the defendant, and then the same check was deposited in the district court after it had been certified. It was held in *Silva et al.* v. *Aboy, Etc., et al.,* 20 P. R. R. 71, 78, citing *Bickford* v. *First National Bank,* 89 Am. Dec. 440, that although it is a fact that certified checks pass from hand to hand as cash, they are not cash or money in the legal sense of these terms. Besides, section 1138 of the Civil Code is so clear that there is no room for doubt on this point.

The order appealed from must be

*Reversed and substituted.*

Justices Wolf, Aldrey and Hutchison concurred.